# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Nancy G., | Case No. 18-cv-3432 (SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Saul, Acting Commissioner of the Social Security Administration,[1] | |
| Defendant. | |

Mac Schneider, Schneider Schneider & Schneider, 813 Third Avenue South, Fargo ND 68103 (for Plaintiff); and

Kizuwanda Curtis, Assistant Regional Counsel, Social Security Administration, 1301 Young Street, Suite A702, Dallas TX 75202 (for Defendant).

## I.  INTRODUCTION

Plaintiff Nancy G. contests Defendant Commissioner of Social Security's denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. The parties filed cross-motions for summary judgment and consented to a final judgment from the undersigned pursuant to 28 U.S.C. § 636(c) and D. Minn. LR 7.2. For the reasons set forth below, the Court denies Plaintiff's motion and grants Defendant's motion.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Nancy Berryhill is substituted by Andrew Saul.

## II. BACKGROUND

### A. Procedural History

Plaintiff filed the instant action for DIB in April 2016, alleging a disability onset date of March 26, 2014. Plaintiff alleged impairments of, among others, degenerative discs, hypertension, hyperthyroidism, and depression. Plaintiff was found not disabled and that finding was affirmed upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). A hearing was held and the ALJ granted Plaintiff's request to amend the alleged onset date to November 19, 2015. The ALJ issued a decision on February 28, 2018 denying Plaintiff's claim for DIB. Plaintiff sought review of the ALJ's decision through the Appeals Council, which denied review. Plaintiff then sought review in this court.

### B. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of degenerative disc disease of both the lumbar spine and cervical spine. (Tr. 20). The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 21). The ALJ considered Listing 1.04 (disorders of the spine). The ALJ determined that Plaintiff has the residual functional capacity (RFC) to:

> perform light work . . . except she can lift up to 10 pounds occasionally and less than 10 pounds frequently. She can sit for 6 hours in an 8 hour workday with normal breaks and stand for 6 hours in an 8 hour workday with normal breaks. She can never climb ladders, ropes, and scaffolds. She can only occasionally climb stairs or ramps, balance (as defined in the SCO), stoop, kneel, crouch, or crawl. She can tolerate only occasional exposure to work around hazards such as dangerous moving machinery and unprotected

heights. She should do no reaching overhead bilaterally. She is limited to frequent (not constant) handling bilaterally.

(Tr. 21–22). The ALJ concluded that Plaintiff is unable to perform any past relevant work, but there are jobs in the national economy that she could perform. (Tr. 26–27). The ALJ therefore found that Plaintiff was not disabled from November 19, 2015 through the date of the decision. (Tr. 28).

## III. ANALYSIS

### A. Legal Standard

Disability benefits are available to individuals determined disabled. 42 U.S.C. § 423(a)(1); *accord* 20 C.F.R. § 404.315. An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). This standard is met when a severe physical or mental impairment, or impairments, renders the individual unable to do her previous work or "any other kind of substantial gainful work which exists in the national economy" when taking into account her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. § 404.1505(a). Disability is determined according to a five-step, sequential evaluation process. 20 C.F.R. § 404.1520(a)(4).

> To determine disability, the ALJ follows the familiar five-step process, considering whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was, or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work.

*Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). In general, the burden of proving the existence of disability lies with the claimant. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). If, however, the claimant proves that she cannot perform her past relevant work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform. *Gregory v. Commissioner, Social Security Administration*, 742 Fed. Appx. 152, 154 (8th Cir. 2018).

If "substantial evidence" supports the findings of the Commissioner, then these findings are conclusive. 42 U.S.C. § 405(g). The Court's review of the Commissioner's final decision is deferential because the decision is reviewed "only to ensure that it is supported by substantial evidence in the record as a whole." *Hensley v. Barnhart*, 352 F.3d 353, 355 (8th Cir. 2003). The Court's task is "simply to review the record for legal error and to ensure that the factual findings are supported by substantial evidence." *Id.* This Court must "consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Burnside v. Apfel*, 223 F.3d 840, 843 (8th Cir. 2000). A court cannot reweigh the evidence or "reverse the Commissioner's decision merely because substantial evidence would have supported an opposite conclusion or merely because [a court] would have decided the case differently." *Harwood v. Apfel*, 186 F.3d 1039, 1042 (8th Cir. 1999).

## B. Step-five finding

Plaintiff's sole argument is that the ALJ's step-five finding is not supported by substantial evidence. Specifically, Plaintiff argues that the Vocational Expert's (VE)

testimony conflicts with *Dictionary of Occupational Titles* (DOT), a Labor Department guide to job ability levels that has been approved for use in Social Security case. 20 C.F.R. § 404.1566(d)(1).

Generally, testimony from a VE may be used to satisfy the Commissioner's burden of showing that the claimant can perform other work. *Long v. Charter*, 108 F.3d 185, 188 (8th Cir. 1997). "Testimony from a vocational expert is substantial evidence only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Cox v. Astrue*, 495 F.3d 614, 620 (8th Cir. 2007). But when expert testimony conflicts with the DOT classifications, and those classifications are not rebutted, the DOT controls. *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997).

The ALJ presented a description of Plaintiff's RFC and vocational profile to the VE at the hearing and asked if there were any jobs in the national economy that could be performed by an individual with these limitations. (Tr. 56). The VE testified that the hypothetical individual could perform the requirements of the representative occupations: bench assembler (DOT # 706.684-022), sub-assembler (DOT # 729.684-054), and inspector/hand packager (DOT # 559.687-074). (Tr. 56). The VE testified that the DOT does not differentiate between reaching overhead or reaching in other planes but, based on his experience and observations, the jobs listed are consistent with the hypothetical light RFC and limitations. (Tr. 56). He also explained that for each job identified, the weights are negligible: "Even though they're listed as light duty jobs, its primarily because of the production aspects of the job, rather than the weight lifted, or the standing and walking

5

involved." (*Id.*). The VE testified that his answers were otherwise consistent with the information contained within the DOT and its companion publication, *Selected Characteristics of Occupations* (SCO). (*Id*).

Plaintiff's argument that the VE testimony conflicts with the DOT is a premised on a chain of inferences. Plaintiff cites to the general definition of light work that appears in the DOT under each of the jobs listed, which reads:

> Light Work – Exerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

*See DOT*, 559.687-074, 1991 WL 683797 (inspector/hand packager); 706.684-022, 1991 WL 679050 (bench assembler); 729.684-054, 1991 WL 679729 (subassembler). Plaintiff's argument, properly understood, is: (1) the jobs provided by the VE are classified as light work by the DOT; (2) the VE testified that the jobs involve a negligible amount of weight; (3) there are three circumstances in the DOT definition of light work when the jobs are classified as light work where the weight lifted is only a negligible amount; (4) of those three circumstances in the definition above, because the VE testified that the jobs were regarded as light work primarily because of the production aspects of the job (rather than the weight lifted or standing/walking involved), the jobs are classified as light work

6

because they entail constant pushing and/or pulling; (5) because the jobs require constant pushing and/or pulling, the jobs necessarily require constant handling; (6) constant handling is in excess of the ALJ's limitation of "frequent (not constant) handling bilaterally;" and (7) therefore, the VE's testimony conflicts with the DOT.

In short, Plaintiff's argument is that the VE testimony conflicts with the DOT because Plaintiff's RFC was limited to frequent (not constant) handling but the jobs identified require constant handling. There is no conflict. The DOT expressly classifies the handling required for each of the identified jobs as "frequently," not constantly. That classification is consistent with the hypothetical light RFC and limitations the ALJ provided to the VE. And Plaintiff does not challenge the ALJ's RFC determination. Therefore, because there is no conflict between the VE's testimony and the DOT, and because the VE testimony was based on a correctly phrased hypothetical, the ALJ's determination that Plaintiff could perform other work existing in the national economy was supported by substantial evidence.

## IV. CONCLUSION

Based upon the record, memoranda, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 8), is **DENIED**, Defendant's Motion for Summary Judgment, (ECF No. 10), is **GRANTED**, and this matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

[ Signature on following page ]

Date: October 15, 2019               *s/ Steven E. Rau*
                                     Steven E. Rau
                                     United States Magistrate Judge
                                     District of Minnesota

                                     *Nancy G. v. Saul*
                                     Case No. 18-cv-3242 (SER)